```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Christian Rocha

    v.                                                      Civil No. 19-cv-410-JL
                                                            Opinion No. 2019 DNH 095

William Barr, Attorney General
of the United States, et al.


**MEMORANDUM ORDER**


     Christian A. Rocha has filed a petition for writ of habeas corpus challenging his detention under 8 U.S.C. § 1226(c) by U.S. Immigration and Customs Enforcement ("ICE") on constitutional due process grounds.  He seeks a bond hearing.  The federal government respondents have moved to dismiss the petition because Rocha is now a member of a pending class action in the District of Massachusetts.  They also argue that Rocha has failed to state a claim of unlawful detention upon which relief may be granted.

     This court has jurisdiction over Rocha's petition under 28 U.S.C. § 2241.  See Nielsen v. Preap, 139 S. Ct. 954, 961-962. (2019).  The court finds that Rocha states two constitutional due process claims distinct from the Massachusetts class, and so denies the government's motion to dismiss.  The case will proceed on the merits of Rocha's claims.

## I. Applicable legal standard

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. U.S., 45 F.3d 520, 522 (1st Cir. 1995). But the court must "construe the [petition] liberally and treat all well-pleaded facts as true, according the [petitioner] the benefit of all reasonable inferences." See id. And any evidence submitted by the parties may ordinarily be considered. See Carroll v. U.S., 661 F.3d 87, 94 (1st Cir. 2011).

## II. Background

Rocha is a native and citizen of the Dominican Republic and entered the United States as a lawful permanent resident in 1986.[1] Between 1992 and 2005, he was charged and convicted of several criminal offenses.[2] In 2003, Rocha was convicted in Massachusetts of two separate offenses of unlawful possession of a controlled substance with intent to distribute, and sentenced to 2.5 years in the House of Correction in each case.[3] He was

---

[1] Petition (doc. no. 1) ¶ 9.

[2] Mem. of Law in Supp. of Mot. to Dismiss (doc. no. 9-1) at 2-4.

[3] Id. at 3-4.

2

released on parole in August 2003.[4]  He has no criminal record after 2005.[5]  In 2013, Rocha renewed his lawful permanent residency.[6]

### A. Immigration proceedings

On December 4, 2018, ICE arrested Rocha.  The notice to appear filed on the day of his arrest alleged that he was subject to removal from the United States because he had been convicted of an aggravated felony.[7]  See 8 U.S.C. §§ 1101(a)(43)(b), 1227(a)(2)(iii).  It identified one of Rocha's 2003 convictions as the felony in question, but erroneously stated that the offense was trafficking in controlled substance.[8]  ICE detained Rocha at the Strafford County House of Correction as a criminal alien under 8 U.S.C. § 1226(c), which requires mandatory detention without a bond hearing.[9]  See Preap, 139 S. Ct. at 960-61.

---

[4] Petition (doc. no. 1) ¶ 10.

[5] Id. ¶ 11; Mem. of Law in Supp. of Mot. to Dismiss (doc. no. 9-1) at 2.

[6] Pet.'s Opp. to Mot. to Dismiss (doc. no. 12) at 12.

[7] Petition Ex. 5 (doc. no. 1-5).

[8] Id.  Rocha was initially been charged with trafficking in cocaine when the case began in 1998, but ultimately pleaded guilty in 2003 to unlawful possession with intent to distribute. See Mem. of Law in Supp. of Mot. to Dismiss (doc. no. 9-1) at 3.

[9] Mem. of Law in Supp. of Mot. to Dismiss (doc. no. 9-1) at 4.

At Rocha's first two master calendar hearings, on December 27, 2018 and January 3, 2019, he moved for and was granted brief continuances to review the allegations and potential relief.[10] At the third hearing, on January 10, 2019, the Immigration Judge noted the discrepancy between the docket sheets submitted by the government and the notice to appear, directed the parties to address the issue, and scheduled a hearing for later in the month.[11] Due to a clerical error, the hearing was not held until February 11, 2019.[12] The Immigration Judge granted Rocha's motion to terminate and dismissed his removal proceedings without prejudice.[13]

ICE kept Rocha in custody and filed a second notice to appear on February 20, but Rocha alleges that his counsel did not receive the document until another hearing on March 14.[14] The new notice cited both of Rocha's 2003 convictions.[15] Rocha denied the charge of removability, moved to terminate the

---

[10] Petition (doc. no. 1) ¶¶ 14-15.

[11] Id. ¶ 16.

[12] Id.

[13] Id. ¶ 18.

[14] Id. ¶ 19.

[15] Id.

proceedings, and requested release on bond.[16]  The immigration
judge denied the motion to terminate and scheduled a further
hearing for March 28 to address the other issues.  At that
hearing, the government requested a continuance to provide
evidence of Rocha's convictions and Rocha argued that he was
entitled to a bond hearing under the terms of an injunction
issued in the District of Massachusetts.[17]  On April 4, the
Immigration Judge ruled the injunction was limited to detainees
held in Massachusetts and found Rocha removable based on one of
the 2003 convictions.[18]  He found that the government submitted
insufficient evidence of the other conviction.[19]  The Immigration
Judge scheduled on hearing on Rocha's requests for relief for
June 3, 2019.[20]

   Rocha filed his petition for habeas corpus with this court
on April 19, 2019.[21]  Three days later, the government filed a
petition with the Immigration Court to expedite Rocha's hearing,

---

[16] Id. ¶ 20-21.

[17] Id. ¶ 22.

[18] Id. ¶¶ 23-24.

[19] Id. ¶ 24.

[20] Id. ¶ 25.

[21] Petition (doc. no. 1).

5

which Rocha opposed and the Immigration Judge denied.[22] On May 31, ICE transferred Rocha to Massachusetts, but returned him to New Hampshire the same day after realizing that transfer without advanced notice to this court violated this court's April 19, 2019 order.[23] During this confusion, his immigration counsel filed an emergency motion for a continuance because of her inability to reach Rocha.[24] Rocha was given additional time to consult with his counsel on June 3, and the Immigration Judge ultimately conducted only brief proceedings before continuing the hearing to June 11.[25] On June 11, the Immigration Judge made an interim decision that Rocha is not eligible for cancellation of removal or asylum because the convicted drug crimes are aggravated felonies, and took under advisement his requests for withholding of removal and relief under the convention against torture, with a written decision to issue shortly.[26]

### B.  Rocha's petition

Rocha's petition sets out two claims for relief.  First, he argues that subjecting him to mandatory detention based on a

---

[22] Pet.'s Opp. to Mot. to Dismiss (doc. no. 12) at 20.

[23] See Notice of Transfer (doc. no. 14).

[24] Pet.'s Surreply (doc. no. 17) at 3.

[25] Id.

[26] Parties' Joint Resp. to the Court's June 11, 2019 Order (doc. no. 18) at 1.

conviction received more than 15 years ago violates the Due Process Clause of the Fifth Amendment.[27]  He contends that this kind of constitutional challenge to mandatory detention was explicitly contemplated by the Supreme Court's recent decision in Preap.  139 S. Ct. at 972 ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it.").  Second, Rocha claims that his current mandatory detention without a bond hearing is unconstitutionally prolonged.[28]  He seeks declaratory relief and a bond hearing before this court or an Immigration Judge.[29]

    C.    **The government's motion to dismiss**

The government moves to dismiss Rocha's petition under Federal Rule of Civil Procedure 12(b)(1).[30]  It argues that the court should dismiss or stay the petition because Rocha has become a member of a certified Rule 23(b)(2) class pending in the District of Massachusetts.[31]  See Fed. R. Civ. P. 23(b)(2).

---

[27] Petition (doc. no. 1) ¶¶ 49-53.

[28] Petition (doc. no. 1) ¶¶ 54-57.

[29] Id. at 19.

[30] Mot. to Dismiss (doc. no 9).

[31] Mem. in Supp. of Motion to Dismiss (doc. no. 9-1) at 1.  The government alleges that Rocha became a member of the class as of June 3, 2019, when his detention length reached six months.

In Reid, et al. v. Donelan, the District of Massachusetts has certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond hearing or reasonableness hearing." No. 3:13-cv-30125-PBS (D. Mass Oct. 23, 2018), ECF no. 416 at 23. The government argues that Rocha is barred from pursuing an individual habeas petition because he cannot opt out of the Reid class and will be bound by the holding in Reid.[32] Separately, the government argues that the court should deny Rocha's petition because his mandatory detention is not unconstitutional, and so he has failed to state a claim of unlawful detention upon which relief may be granted.[33]

Opposing the motion, Rocha does not contest that he is now a member of the Reid class, but maintains that he has two due process claims distinct from the class action. First, he argues in his petition that the time gap between his criminal convictions and current mandatory detention violates the Due Process Clause.[34] The Reid class does not raise any time-gap claim and is limited to challenging prolonged detention.

---

[32] Mem. in Supp. of Motion to Dismiss (doc. no. 9-1) at 6-9.

[33] Id. at 9-16; Mot. to Dismiss (doc. no. 9).

[34] Pet.'s Opp. to Mot. to Dismiss (doc. no. 12) at 3-4.

Second, Rocha contends that while the Reid class seeks a blanket rule requiring a bond hearing or reasonableness hearing after six months of detention, he seeks only a determination that his detention is unconstitutionally prolonged under the particular facts of his case.[35] To the extent that his petition raised a claim based on a proposed blanket rule, he withdraws it.[36] The government's reply briefly suggests that considering the specific circumstances of Rocha's prolonged detention would undermine the Reid class certification order.[37] Otherwise, the parties' reply and surreply address the merits of Rocha's constitutional claims.[38]

## III. Analysis

Although the parties agree that Rocha is a member of the Reid class, he has raised two constitutional due process claims which do not overlap with the Reid class action and upon which relief could potentially be granted. The court thus denies the government's motion to dismiss his petition. A denial of a motion to dismiss, however, does not necessarily require that a habeas petition be granted, but rather permits litigation to

---

[35] Id. at 4-6.

[36] Id. at 4 n.2.

[37] Reply on Mot. to Dismiss (doc. no. 15) at 2.

[38] Id.; Surreply on Mot. to Dismiss (doc. no. 17).

9

proceed.  The court is not prepared to rule on the merits of Rocha's non-Reid claims on the current record.  The court therefore requests further submissions from the parties and will schedule a hearing on the merits of the petition.

**A.    Reid class action**

A Rule 23(b)(2) class is mandatory.  Class members may not automatically opt-out.  See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 362 (2011).  But Rocha does not dispute his membership in the Reid class or seek to opt out from it.  Instead, he raises distinct claims that can be resolved without duplicating the Reid litigation or creating inconsistent standards.  And these claims in this case can be resolved without undermining or interfering with the class litigation or result.

As discussed supra, the Reid class seeks a blanket ruling that individuals detained under 8 U.S.C. § 1226(c) for longer than six months are constitutionally entitled to an individualized bond hearing or reasonableness hearing.  The likely resolution of that litigation thus appears to be that a blanket rule either exists (at some period or set of conditions) or does not exist.  Resolving Rocha's claims would not interfere with either result.  Reid does not involve any issues similar to Rocha's time-gap claim.  Absent any overlap, Reid provides no basis to prevent Rocha from pursuing this claim.  While Rocha's

prolonged detention claim is much more like the Reid claim, the theory of his claim is distinct.  He does not seek to rely on a blanket rule or even the mere length of his detention, but on an assessment of all the facts of his particular case.  When opposing class certification in Reid, the government argued that "a constitutional challenge to § 1226(c) requires an individualized analysis to determine whether detention is unreasonable."  No. 3:13-cv-30125-PBS, ECF no. 416 at 17.  If Reid concludes with a ruling that the government is correct, and no blanket rule is required by due process, habeas relief based on such an individualized analysis may nonetheless remain available to some class members.  Thus, Rocha's prolonged detention claim is distinct from that pressed by the Reid class.

    The government has not identified any way in which considering Rocha's individual prolonged detention claim would interfere with the Reid class action or undermine the rationales for class certification.  Rulings that Rocha is not entitled to a bond hearing on a blanket-rule theory, but is entitled to one on an individual-circumstances theory, or vice-versa, would not appear to pose any obvious practical inconsistencies prejudicial to any party.  The Reid court is not considering Rocha's particular circumstances, so there is no direct duplication. And any conservation of judicial resources that might result from waiting to see if Rocha receives relief via Reid is

outweighed by the fact that he would remain subject in the interim to mandatory detention that he alleges is unconstitutional for separate reasons.

Since Rocha brings two constitutional claims distinct from the Reid class action which can be resolved without interfering with that action, his membership in the Reid class is no basis to deny his petition.

### B. Time-gap claim

Rocha raises a due process claim based upon the time gap between the conviction underlying his removability (his release from criminal custody related to that conviction)[39] and the beginning of his mandatory detention under 8 U.S.C. § 1226(c). He has stated a claim upon which relief might be granted, but the court does not yet determine whether he is in fact entitled to relief.

The Supreme Court recently determined that § 1226(c) does not impose a time limit on the application of mandatory detention to a criminal alien taken into custody after release from criminal custody. Preap, 139 S. Ct. at 959. In other

---

[39] Rocha specifies the gap between his conviction and immigration detention, but many of his arguments focus on the development of community ties during the time gap. See Pet.'s Opp. to Mot. to Dismiss. Such arguments are far weaker if applied to time when the individual is in criminal custody. In any case, the difference between Rocha's conviction and release is less than a year.

words, as a matter of statutory construction, § 1226(c) requires the government to take a criminal alien into custody and detain the alien without a bond hearing, even if substantial time has passed since the alien was released from criminal custody. But the Court made clear that the parties had only presented it with a statutory interpretation question, and it did not apply the canon of constitutional avoidance because "the statute is clear." Preap, 139 S. Ct. at 972. Thus, its decision "on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Id. Rocha suggests that the Court would have indicated if it believed no valid constitutional challenge was possible.[40] The government contends that the Court found that a time gap does not generally create a constitutional issue, and that "unique factual circumstances" are required for an as-applied challenge.[41] Neither inference is supported by Preap. The Court reached no constitutional holding, and so made clear that constitutional challenges were not foreclosed. Rocha has brought such a challenge.

---

[40] Pet.'s Opp. to Mot. to Dismiss (doc. no. 12) at 10.

[41] Reply on Mot. to Dismiss (doc. no. 15) at 2.

Given the recency of Preap, the parties unsurprisingly rely on authorities predating that opinion in arguing the merits of Rocha's claim.[42] They have discovered no binding authority that would definitively require this court to grant or deny Rocha's claim. As Preap does not foreclose Rocha's claim, he has stated a claim on which relief might be granted. The parties will proceed to litigate the merits of the claim.

### C. Prolonged-detention claim

The court finds that Rocha has stated a prolonged detention claim based on the facts of his case, but does not resolve the claim at this stage. As both parties acknowledge,[43] courts including this one have considered due process challenges to an individual's prolonged mandatory detention according to a set of guidepost principles set out in a First Circuit Court of Appeals decision factors in Reid, et al. v. Donelan, later withdrawn for reasons that do not undermine the utility of the factors. 819 F. 3d 486, 500-01 (1st Cir. 2016), vacated and remanded in part, No. 14-1270, 14-1803, 14-1823, 2018 WL 4000993 (1st Cir. May 11, 2018); see Hussein v. Brackett, 18-cv-921-JL (D.N.H. Nov. 9, 2018) (ECF no. 18). There is thus a relatively clear framework

---

[42] See Mem. in Supp. of Mot. to Dismiss (doc. no. 9-1) at 11-15; Pet.'s Opp. to Mot. to Dismiss (doc. no. 12) at 8-11.

[43] Petition (doc. no. 1) ¶¶ 43-44; Reply on Mot. to Dismiss (doc. no. 15) at 4-5.

14

for assessing Rocha's prolonged detention claim, although the Reid factors are not exhaustive. 819 F.3d at 501. The court will use this framework to resolve this claim, and appreciates the parties' submissions thus far. In any case, Rocha has sufficiently stated a claim such that his petition is not subject to dismissal.

   D.   **Further proceedings**

The court will hold a hearing on the merits of Rocha's petition on July 17, 2019. The parties shall file memoranda of points and authorities no later than July 9 addressing at least the following issues:

- Demore v. Kim suggests that "the justification for 8 U.S.C. § 1226(c) is based upon the Government's concerns over the risks of flight and danger to the community." 538 U.S. 510, 531 (2003) (Kennedy, J., concurring). Does Demore's holding depend on the presence of both of these concerns?

- If there are constitutional due process limitations on the time gap between criminal convictions or custody and the beginning of mandatory confinement pursuant to 8 U.S.C 1226(c), what form do those limits take? (E.g. a bright-line rule, individualized analysis, or some other standard).

- If there are constitutional due process limitations on a time gap, what even is the time gap measured from? (E.g. conviction, release from criminal custody).

- Should the following be considered as factors in a prolonged-detention analysis?
    o Any time gap prior to the beginning of immigration custody and mandatory detention.

15

- o A change in the asserted basis for removability.
- o The alleged renewal of Rocha's residency status.

## IV. Conclusion

Rocha has stated two due process claims that do not overlap with the Reid class action. The government's motion to dismiss the petition is DENIED.[44] The court will hold a hearing on the merits of Rocha's petition on **July 17, 2019**. The parties shall file memoranda of points and authorities no later than **July 9, 2019**. Respondents shall provide the court with at least 48 hours advance notice of any scheduled removal or transfer of petitioner out of this court's jurisdiction, as required by the court's April 19, 2019 order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 18, 2019

cc: Gilles R. Bissonnette, Esq.
 Henry Klementowicz, Esq.
 SangYeob Kim, Esq.
 Michael T. McCormack, AUSA

---

[44] Document no. 9.